PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 4:11-cr-00573-002 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MUSA NASSAR, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |

This matter is before the Court upon Magistrate Judge George J. Limbert's Report and Recommendation ("R&R") that the Court accept Defendant Musa Nassar's ("Defendant") pleas of guilty and enter findings of guilty against Defendant. ECF No. 147.

On December 8, 2011, the Government filed an Indictment against Defendant alleging one count in violation of 18 U.S.C. § 1349, conspiracy to commit wire fraud, four counts in violation of 18 U.S.C. § 1341, mail fraud, and twenty-seven counts in violation of 18 U.S.C. § 1343, wire fraud. ECF No. 1. At arraignment on December 13, 2011, before Magistrate Judge George J. Limbert, Defendant entered not guilty pleas as to all counts of the indictment charging Defendant. Thereafter, the Court was notified of Defendant's intent to enter guilty pleas and issued an order referring the matter to Magistrate Judge Limbert for the purpose of receiving Defendant's guilty pleas. ECF No. 134.

A hearing was held on June 14, 2012 before Magistrate Judge Limbert during which Defendant consented to the order of referral (ECF No. 146) and entered guilty pleas as to Counts

(4:11-cr-00573-002)

1, 6, 37, 63, 86, 87, and 91 of the Indictment. Magistrate Judge Limbert received Defendant's guilty pleas and issued a report recommending that this Court accept Defendant Nassar's pleas and enter findings of guilty. ECF No. 147.

The time limitation to file objections to the Magistrate Judge's report and recommendation has expired and neither party has filed objections or requested an extension of time.

Fed. R. Crim. P. 11(b) states:

Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following: (A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath; (B) the right to plead not guilty, or having already so pleaded, to persist in that plea; (C) the right to a jury trial; (D) the right to be represented by counsel—and if necessary have the court appoint counsel—at trial and at every other stage of the proceeding; (E) the right at trial to confront and cross-examine ad-verse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to com-pel the attendance of witnesses; (F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere; (G) the nature of each charge to which the defendant is pleading; (H) any maximum possible penalty, including imprisonment, fine, and term of supervised release; (I) any mandatory minimum penalty; (J) any applicable forfeiture; (K) the court's authority to order restitution; (L) the court's obligation to impose a special assessment; (M) in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. §3553(a); and (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

The undersigned has reviewed the transcript and the Magistrate Judge's Report and Recommendation and finds, that in his careful and thorough proceeding, the Magistrate Judge satisfied the requirements of Fed. R. Crim. P. 11 and the United States Constitution. Defendant

(4:11-cr-00573-002)

was placed under oath and determined to be competent to enter pleas of guilty. Defendant was made aware of the charges and consequences of conviction and his rights and waiver thereof. The Magistrate Judge also correctly determined that the defendant had consented to proceed before the Magistrate Judge and tendered his pleas of guilty knowingly, intelligently and voluntarily. Furthermore, the Magistrate Judge also correctly found that there was an adequate factual basis for the pleas of guilty.

Upon *de novo* review of the record, the Magistrate Judge's Report and Recommendation is adopted. The Defendant is adjudged guilty of Counts 1, 6, 37, 63, 86, 87, and 91 of the Indictment, conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and 2, wire fraud in violation of 18 U.S.C. § 1343, and mail fraud in violation of 18 U.S.C. § 1341.

IT IS SO ORDERED.

 July 9, 2012                                   */s/ Benita Y. Pearson*
Date                                              Benita Y. Pearson
                                                  United States District Judge